# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JOHNNIE LEE ROGERS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:17-CV-00478-DGK-SSA |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Johnnie Lee Rogers' applications for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge (ALJ) found Plaintiff became disabled on his fifty-fifth birthday, October 22, 2014, a date after he was last insured for disability insurance benefits. This meant Plaintiff should receive supplemental security income but not disability insurance benefits. Plaintiff contends he became disabled earlier, on March 20, 2012, so both applications should have been approved.

After carefully reviewing the entire record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his application for disability insurance benefits on October 31, 2013, and his application for supplemental security income on November 1, 2013, alleging a disability onset date of March 20, 2012. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed the denial to an ALJ. Following a hearing, the ALJ issued a decision on March 19, 2015, finding Plaintiff was not disabled.

On April 27, 2016, the Appeals Council remanded the case for further evaluation. A new ALJ held a hearing and issued her decision on November 25, 2016. The ALJ found Plaintiff had numerous severe impairments,[1] but retained the residual functional capacity ("RFC") to perform light work with certain limitations prior to October 22, 2014. After receiving testimony from a vocational expert ("VE"), the ALJ found Plaintiff could perform work as a retail marker, electrical sub-assembler, and small parts assembler, and so was not disabled. After applying Medical-Vocation Rule 202.06, the ALJ ruled Plaintiff became totally disabled on his fifty-fifth birthday, which was October 22, 2014. Plaintiff was not disabled between his alleged onset date of March 20, 2012, and October 22, 2014.

Plaintiff appealed this portion of the decision, and the Appeals Council denied the request for review on February 15, 2017, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial

---

[1] These severe impairments were: obesity; bilateral rotator cuff tears, status-post repairs; bilateral shoulder osteoarthritis; gout; degenerative joint disease and osteoarthritis of the knees, status-post right knee meniscectomy; and degenerative disc disease of the lumbar spine.

evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[2] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reasons of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues the ALJ's decision that he was not disabled prior to October 22, 2014, is not supported by substantial evidence because: (1) the ALJ erred at Step Four by improperly determining Plaintiff's RFC and improperly applying the Medical-Vocational Guidelines; and (2) the ALJ erred at Step Five by failing to resolve a conflict between the VE's testimony and the *Dictionary of Occupational Titles* ("DOT").

---

[2] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n. 1 (8th Cir. 2014); *see* 20 C.F.R. § 404.1520(a)-(g); 416.920(a)-(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. Aft the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979, n. 2 (8th Cir. 2009).

3

**I.     The RFC determination is supported by substantial evidence in the record.**

The ALJ found that prior to October 22, 2014, Plaintiff could

> lift/carry/push/pull up to 20 pounds occasionally and 10 pounds frequently.  In an eight-hour workday, he can stand and/or walk up to six hours and sit up to six hours, but he must have the opportunity to alternate from sitting to standing every 30 minutes for 3-5 minutes to adjust positions, without leaving the workstation.  He can occasionally climb ramps and stairs but cannot climb ladders, ropes, or scaffolds, balance, kneel, crouch, or crawl.  He can occasionally stoop, and frequently reach with both arms but he cannot reach overhead with either arm.  He must avoid extreme cold weather, wetness related to weather conditions, excessive vibrations, and unprotected heights.

R. at 30.  Plaintiff argues that substantial evidence does not support the RFC determination because he could not perform all, or substantially all, of the exertional functions required for light work; he was limited to sedentary work.  If the ALJ had properly limited him to sedentary work, then application of the Medical-Vocational Guidelines would have resulted in his being considered disabled prior to October 22, 2014, because of his approaching advanced age, limited education and no transferrable job skills.

A claimant's RFC is the most he can do despite his physical and mental limitations, and the claimant bears the burden of establishing his RFC.  *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004).  The ALJ determines a claimant's RFC based on all relevant evidence.  *Id.*  A court must affirm an ALJ's RFC determination if it is "supported by substantial evidence in the record as a whole." *Id.*

Here, the ALJ's RFC determination is supported by substantial evidence.  For example, with respect to the RFC's reaching and lifting requirements, x-rays of Plaintiff's shoulders taken on October 17, 2013, showed some degenerative changes of the AC joint in his left shoulder, but that the right shoulder was unremarkable.  R. at 31, 478.  In fact, two months later, Plaintiff was

strong enough to use a chainsaw. R. at 31, 501. Plaintiff admitted his pain was better on March 13, 2014, reporting he was only taking over-the-counter pain medication and a muscle relaxant. R. at 31, 569. After seeing a chiropractor five times in July of 2015 because he had been in a car accident where his right shoulder hit the door, Plaintiff described his right shoulder pain as "much better" and asked to be released from care. R. at 31, 558. This supports the RFC determination.

Plaintiff's specific argument that RFC determination is flawed because it does not provide a sufficient walking limitation to account for his need for a cane beginning in June of 2014 is unavailing. The alleged need for a cane was based on a single treatment note written on June 20, 2014, a note Plaintiff did not provide until *after* the ALJ issued her decision. The Appeals Counsel reviewed the note and found that it did not show a reasonable probability of changing the outcome of the decision, thus the ALJ did not err. The Court agrees with this holding.

Since Plaintiff's argument that he was disabled under the Medical-Vocational Guidelines rests on his claim that the ALJ erred in determining his RFC, this argument is also unavailing.

Plaintiff's argument that the ALJ erred by failing to consider his borderline age under the Medical-Vocational Guidelines is also without merit. The Social Security regulations state that the ALJ should consider the older age category when claimant is within a few days to a few months of reaching an older age category. 20 C.F.R. §§ 404.1563(b), 416.963(b). Here, the ALJ did consider the applicability of the older age category to Plaintiff's disability claims. Indeed, the ALJ found Plaintiff became disabled upon turning age fifty-five on October 22, 2014.

**II.   The VE's testimony is consistent with the DOT.**

Plaintiff argues the ALJ erred at Step Five in the five-step sequential evaluation process because the jobs the VE identified he could perform were inconsistent with the RFC's limitation that he was unable to reach overhead bilaterally. Plaintiff notes the VE testified that Plaintiff

5

could perform the jobs of retail marker, electronics sub-assembler, and small parts assembler, all of which, according to the DOT, require frequent reaching.

The Court notes the DOT does not delineate between reaching overhead and reaching in general. This does not matter because the VE's testimony resolved any inconsistencies between Plaintiff's RFC and the jobs the VE identified Plaintiff could perform. In response to a specific question posed by the ALJ, the VE clarified that she was supplementing her testimony with her experience as a vocational counselor in opining that these jobs did not require overhead reaching. R. at 122. Consequently, the VE's testimony constitutes substantial evidence. *See Welsh v. Colvin*, 765 F.3d 926, 930 (8th Cir. 2014) (holding that when the ALJ poses a hypothetical that accurately reflects the claimant's RFC, questions the VE about any apparent inconsistencies with the relevant DOT job descriptions, and the VE testifies that her opinion is partly based upon her experience, substantial evidence supports the ALJ's decision). The Commissioner met her burden at step five of identifying other jobs existing in significant numbers in the national economy that Plaintiff could perform.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  September 25, 2018                /s/ Greg Kays
                                          GREG KAYS, CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT